**STATE of Minnesota, Respondent,**

v.

**Brent Earl ANDERSON, Appellant.**

**No. C9–85–2039.**

Court of Appeals of Minnesota.

June 17, 1986.

Review Denied Aug. 20, 1986.

---

## OPINION

LANSING, Judge.

Brent Anderson was charged with possession of marijuana and possession of marijuana with intent to sell. After a trial on stipulated facts he was convicted of possession of marijuana and appeals from the judgment of conviction. We affirm.

## FACTS

At about 7:30 p.m. on New Year's Eve 1984, Janine Knutson telephoned her mother to tell her she would not have to babysit for Knutson's five-year-old daughter that night because Knutson and Brent Anderson, the child's father, were having an argument and would not be going anywhere. Knutson's mother became upset and said that if Knutson did not call her back in five minutes, she would call the police. Knutson did not call back. Knutson's mother telephoned the Yellow Medicine County Sheriff and asked that an officer be sent to Anderson's home, where the couple lived, because "[Anderson] has been drinking and he is throwing people around up there in that great big old house." She also said that the couple's daughter was "scared frantic," and that Anderson had "picked her up by the sweater."

Curtis Berg, the dispatcher who took the call, informed officers Donald Ericson and Paula Curry that Anderson was "throwing people around and had grabbed a little girl." He instructed them to proceed to Anderson's home immediately.

The two officers arrived at Anderson's home a few minutes after the dispatch. They knocked on the front door, identifying themselves as police officers. There was no response. They continued to yell and knock for several minutes. Through the window in the front door, the officers could see that several lights were on and that the front room was strewn with papers, clothing and toys.

After several minutes of receiving no response, the officers pushed open the unlocked door and entered the home. In the front room they observed a television that

Hubert H. Humphrey, III, Atty. Gen., Janet Newberg, Sp. Asst. Atty. Gen., St. Paul, for respondent.

C. Paul Jones, Public Defender, Bradford Colbert, Asst. Public Defender, Minneapolis, for appellant.

Heard, considered and decided by LANSING, P.J., and FOLEY and WOZNIAK, JJ.

had been left on. They again identified themselves as police officers; no one responded.

The officers then walked through the house looking for anyone who might be hurt or in danger. They checked each room on the first floor and two bedrooms and a bathroom on the second floor, finding nothing. When Ericson entered a third bedroom, he could see light coming from a two-by-four-foot opening in one of the walls. Ericson stepped through the opening, entering another room lit by florescent light, which contained a large number of potted marijuana plants. The officers found no one in the rest of the house. They were there a total of 15–20 minutes.

The officers then obtained a search warrant for controlled substances, which they executed later that evening. They seized 26 potted marijuana plants, light timers, lights, and several plastic bags of marijuana.

Both Knutson and Anderson were charged with possession of marijuana and possession with intent to sell. At a joint omnibus hearing, the trial court ruled that the evidence obtained under the warrant was admissible because the initial warrantless entry and search were permitted under Minn.Stat. § 629.341 (1984), which authorizes warrantless arrests for domestic assaults.

Anderson waived a jury trial and stipulated that the trial court could consider as evidence the testimony and other evidence introduced at the omnibus hearing and the evidence presented at Knutson's earlier trial. The State dismissed the charge of possession with intent to sell, and the trial court found Anderson guilty of possession of marijuana. Execution of sentence was stayed pending appeal.

## ISSUES

1. Was the initial warrantless search of appellant's home permitted by Minn.Stat. § 629.341?

2. Did the initial search violate the fourth amendment?

## ANALYSIS

### I

■ Minn.Stat. § 629.341, subd. 1, permits warrantless arrests at a suspect's residence if an officer has probable cause to believe the suspect assaulted a spouse or housemate.

[A] peace officer may *arrest* without a warrant a person anywhere, including at his place of residence if the peace officer has probable cause to believe that the person within the preceding four hours has assaulted, threatened with a dangerous weapon, or placed in fear of immediate bodily harm his spouse * * * or other person with whom he resides * * *. The arrest may be made even though the assault did not take place in the presence of the peace officer.

(Emphasis added).

Anderson asserts that the statute violates the fourth amendment because it conflicts with the holding of *Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), that a warrantless entry into a suspect's home to make a felony arrest, absent probable cause and exigent circumstances, is unconstitutional.

The statute, however, is directed to warrantless *arrests*, and does not address warrantless entries or searches. The purpose of the statute is to establish an exception to Minn.Stat. § 629.34, subd. 1(c)(1) (1984), to allow arrests for domestic assaults that do not take place in the presence of the officer.[1] Because Anderson was not arrested for domestic assault, § 629.341, subd. 1, does not apply to the facts of this case and thus cannot justify the officers' actions. This case is governed by general fourth amendment principles on warrantless entries and searches of homes. We therefore do not reach the issue of whether Minn.Stat. § 629.341, subd. 1, unconstitu-

---

**1.** Minn.Stat. § 629.34, subd. 1(c)(1), permits a warrantless arrest "[w]hen a public offense has been committed or attempted in the officer's or constable's presence."

tionally conflicts with the fourth amendment.

## II

■ Because warrantless entries and searches inside a home are presumptively unreasonable, *Payton v. New York*, 445 U.S. at 586, 100 S.Ct. at 1380; *State v. Lohnes*, 344 N.W.2d 605, 610 (Minn.1984), the State has the burden of demonstrating that the "police conduct was justified under an established exception to the warrant requirement." *State v. Buschkopf*, 373 N.W.2d 756, 766 (Minn.1985).

■ The "emergency exception" to the warrant requirement permits police to make warrantless entries and searches of homes when they reasonably believe that a person within is in need of immediate aid. *Mincey v. Arizona*, 437 U.S. 385, 392, 98 S.Ct. 2408, 2413, 57 L.Ed.2d 290 (1978); *State v. Terrell*, 283 N.W.2d 529, 532 (Minn.1979); *State v. Auman*, 386 N.W.2d 818 (Minn.Ct.App.1986).[2] Professor Lafave states that the exception applies to police entries made to assist a person within the premises reported to be injured or made in response to what appears to be a fight within. 2 W. Lafave, *Search and Seizure, A Treatise on the Fourth Amendment,* § 6.6(a) at 471 (West 1978). An objective standard must be applied in evaluating the reasonableness of the officer's belief that an emergency existed. *Root v. Gauper*, 438 F.2d 361, 364 (8th Cir.1971).

The officers received detailed factual information from a private citizen that Anderson had been drinking, was "throwing people around," had picked up his daughter "by the sweater," causing her to be "scared frantic." The officers arrived at Anderson's home only minutes after the call. No one responded to their knocking or yelling. They saw lights on in the house and the front door was unlocked. Upon entry, they discovered a television that had been left on, but they did not find anyone in the house. The observable signs indicated that people present in the house were not responding to the officers. In addition, the disordered state of the front room was consistent with the officers' information that a fight had occurred.

The officers looked into or walked through each room of the house. The scope of their search was reasonably connected to ascertaining whether someone was in need of assistance. The subsequent search for controlled substances conducted under the warrant was more extensive and involved searching closed cabinets.

We conclude that when the officers entered Anderson's home, it was reasonable for them to believe that a person or persons within were in need of immediate aid. The entry and resulting search were therefore permissible under the emergency exception. The judge properly admitted the evidence obtained under a search warrant based on the observations of the officers who made the initial entry.

## DECISION

The entry and search of appellant's home were permissible under the emergency exception to the warrant requirement.

Affirmed on other grounds.

---

**2.** Anderson argues that the exigent circumstances analysis found in *State v. Lohnes*, 344 N.W.2d at 610–12, should be used here. The omnibus court did not apply either *Lohnes* or the emergency exception, but based its ruling on § 629.-

341. The *Lohnes* analysis is applicable when the police, without a warrant, enter private premises for the specific purpose of arresting someone. The officers here entered for other purposes.